EX PARTE NEAL LOAN AND BANKING CO. *IN RE* LANA-
HAN & SON v. BAILEY LIQUOR CO.

CLAIM AND DELIVERY—LIQUORS—DISPENSARY LAW.—A foreign creditor
    having attached liquors of a non-resident in this State, under suit
    on debt, attachment having been set aside, cannot question the title
    of the purchaser of such liquors, who intervenes and claims them,
    nor can he invoke the provisions of the dispensary law of the State
    to defeat such title.

Before WATTS, J., Abbeville, February, 1900.   Affirmed.

Intervention for possession of liquors in this State by Neal Loan and Banking Co. *in re* Wm. Lanahan & Son *v.* Bailey Liquor Co.  From judgment in favor of intervenor, Lanahan & Son appeal.

*Messrs. Ansel, Cothran & Cothran,* for appellant, cite: *Bill of sale in Georgia passed no title to liquors in South Carolina:* 18 Sup. Ct. R., 674; 44 S. C., 254; 2 Pet., 539; 20 S. C., 437.   *Intervenor is bound by laws here:* 29 S. C., 460; 56 S. C., 547.   *Bill of sale is void under laws here:* 29 S. C., 460; 56 S. C., 44; Rev. Stat., 2146; 32 S. C., 171.

*Mr. Jos. A. McCullough,* for Neal Loan and Banking Co., contra, cites: *Sale of personal property is tested by law of place of contract:* 29 S. C., 460.   *Lanaham & Son cannot raise question of title in respondent:* 44 S. C., 308.   *Sale of portion of property is not violation of insolvent law:* 52 S. C., 129.

July 20, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE. The Bailey Liquor Company, whose domicile is in the State of Georgia, became indebted to William Lanahan & Son, a firm doing business in the city of Baltimore, Maryland, for about $1,575, and having failed to pay that debt, or any part thereof, said Lanahan & Son began suit against the said Bailey Liquor Company to recover the said $1,575 in the Court of Common Pleas for Abbeville County, in the State of South Carolina, in which county the said Bailey Liquor Company had some liquors of value; and as an incident to said suit, the said Lanahan & Son sued out a writ of attachment on the 10th day of November, 1897, under which F. W. R. Nance, Esq., as the sheriff of said Abbeville County, seized the liquor belonging to the Bailey Liquor Company; but on the 11th day of November, 1897, the Neal Loan and Banking Company, of Atlanta, Ga., gave a notice in writing to said F. W. R. Nance, Esq., as said sheriff, that all the interest and estate of the Bailey Liquor Company in the liquors, &c., attached by him in Abbeville had been conveyed for full value to the said Neal Loan and Banking Company, which said company were the legal owners thereof. A motion was made by the Bailey Liquor Company to dissolve the attachment sued out by Lanahan & Son. This motion was finally granted by the Supreme Court of this State. *See Lanahan & Son* v. *Bailey Liquor Company,* 53 S. C., 489. After the *remittitur* reached the Circuit Court for Abbeville, S. C., the Neal Loan and Banking Company applied to the said Judge of the Court of Common Pleas for Abbeville County, S. C., for an order framing an issue as to the ownership of these liquors. Wm. Lanahan & Son alone contested this ownership. On the 3d October, 1899, Judge Ernest Gary directed the following issue to be tried by a jury: "Was the Neal Loan and Banking Company the owner of, and entitled to, the property attached in this case, at the time of attachment?" On the 6th day of April, 1900, this issue came on for trial before his Honor, Judge Watts, and a jury. Testimony was submitted by the Neal Loan and Banking Company through several

witnesses showing that for a *bona fide* indebtedness the Bailey Liquor Company conveyed to the Loan and Banking Company the liquor in question, which sale was evidenced by an instrument in writing executed in the presence of witnesses in the city of Atlanta, in the State of Georgia. At the conclusion of the testimony, it was agreed by counsel on both sides that the verdict of the jury should be made under the direction of the Court. Then Judge Watts said to the jury: "Well, I instruct you, gentlemen, to write the word 'yes' to that question now." It was thus determined that such liquors were the property of Neal Loan and Banking Company. Wm. Lanahan & Son were not satisfied with this result. They have appealed on the following grounds: "1. Because his Honor erred in holding that the bill of sale introduced in evidence carried the title to the property to the Neal Loan and Banking Company, and instructing the jury to answer the issue 'Yes.' 2. Because the liquors alleged to have been conveyed being within the limits of this State, and this Court having held in the case of *Lanahan* v. *Bailey,* 53 S. C. R., 489, that liquors shipped into this State to be sold in original packages cannot be attached and sold by the sheriff in satisfaction of a debt, the dispensary law not allowing any one to sell but a county dispenser, that his Honor erred in holding that the title to the liquor attached in this case passed to the Neal Loan and Banking Company by the bill of sale introduced. 3. Because this Court having held in the case of *Lanahan* v. *Bailey, supra,* that when liquors were shipped into this State, as in this case, it was unlawful, and the liquor contraband and subject to seizure by the State, that his Honor erred in charging the jury to answer in the affirmative. 4. Because the bill of sale put in evidence being a conveyance of all the property of the Bailey Liquor Company, it was in effect an assignment with a preference in favor of Neal Loan and Banking Company, and, therefore, void, and his Honor erred in holding that it passed the title to the liquors to said Neal Loan and Banking Company, and hence erred in directing the jury to answer the issue in the

affimative. 5. Because this Court having held, in the case of *Lanahan* v. *Bailey, supra,* that 'the statute, in its efforts to prevent the mischief arising from the illegal use and possession aforesaid, had even gone to the extent of declaring null and void all obligations contracted in sale thereof;' that his Honor erred in ruling that the title under the bill of sale put in evidence passed the title to the Neal Loan and Banking Company, and also erred in directing the jury to find the issue in the affirmative."

As to the first exception, we do not see that the Circuit Judge was guilty of any error. In the first place, what concern is it of Lanahan & Son to protect the property of the Bailey Liquor Company. Certainly, although the Bailey Liquor Company is a party to this action, we have yet to learn that any objection to the claim of Neal Loan and Banking Company has been made by it. Certain it is that Lanahan & Son are not the owners of this property, for their attempted lien was upset by this Court. See 53 S. C., 489.

As to the second exception, we do not see how the purposes of the Neal Loan and Banking Company as to these liquors can here be brought in question by Lanahan & Son; they do not represent the State of South Carolina or any of its municipalities; they are citizens of Maryland, and this view disposes of the third exception also.

As to the fourth exception, we will say that we do not regard the instrument executed by Bailey Liquor Company to Neal Loan and Banking Company as an assignment, in the light of our South Carolina laws governing assignments. It was a sale outright.

Lastly, as to the fifth exception, we must say that we cannot view with approval the solicitude manifested by Lanahan & Son, who are liquor dealers themselves, as to a violation of the dispensary law of the State of South Carolina rendering null and void any obligations contracted in the sale of liquors.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.